IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:07-CR-248-D (01) |
| VS. | § | |
| | § | |
| CHARLES OWENS MCMAHON, JR., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Charles Owens McMahon, Jr. ("McMahon") moves to terminate the restitution obligation—of $507,045.80—imposed in the court's December 14, 2007 judgment. The court denies McMahon's motion for the reasons and to the extent explained below.

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A *et seq.*, under which McMahon's restitution obligation was imposed, "requires a sentencing court to order restitution for a victim's actual loss directly and proximately caused by the defendant's offense of conviction" and "serves the dual purposes of ensuring that criminals pay full restitution to their victims for all damages caused as a result of the crime and providing those who suffer the consequences of crime with some means of recouping the personal and financial losses." *United States v. Rooney*, 2014 WL 3865974, at *2 (N.D. Tex. Aug. 6, 2014) (Fitzwater, C.J.) (citations and internal quotation marks omitted). A restitution order, once imposed, can be modified only under limited circumstances. *See id.* at *3; *see also United States v. Puentas*, 803 F.3d 597, 606 (11th Cir. 2015) ("As its title suggests, the MVRA directs the district court to order restitution in certain cases, and limits the circumstances in which a mandatory restitution order can subsequently be modified."). And while the court lacks the authority to eliminate McMahon's restitution obligation, because his

*pro se* motion maintains that the restitution obligation is a financial hardship, the court shall consider its ability to adjust the restitution schedule under 18 U.S.C. §§ 3664(*o*) and 3664(k). *See Rooney*, 2014 WL 3865974, at *3 (observing that § 3664(k) "permits the modification of a restitution order based on a change in a defendant's *ability* to pay, but not a change in his *obligation* to pay" (emphasis in original)).

> This court can consider a motion to modify the restitution schedule under § 3664(k) only
>
>> if two conditions are met: (1) the defendant "notif[ies] the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution"; and (2) "[t]he Attorney General . . . certif[ies] to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." 18 U.S.C. § 3664(k); *see also* 18 U.S.C. § 3572(d)(3). "A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) (cited in *United States v. Franklin*, 595 Fed. Appx. 267, 273 (5th Cir. 2014) (per curiam)).

*United States v. Pore*, 2015 WL 1717846, at *1 (N.D. Miss. Apr. 14, 2015) (some citations modified and emphases removed). Neither condition precedent is met here.

Accordingly, to the extent McMahon requests that the court eliminate the entire restitution obligation, his motion is denied. And, to the extent McMahon seeks to modify the restitution schedule, his motion is denied without prejudice.

**SO ORDERED**.

February 3, 2017.

                                                    SIDNEY A. FITZWATER  
                                                    UNITED STATES DISTRICT JUDGE